# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00232 |
| ) | District Judge _____ |
| ERIE INSURANCE EXCHANGE, ) | Magistrate Judge _____ |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I.     The Parties

1. Plaintiff America's Home Place, Inc. ("AHP") is a Georgia corporation, with its principal place of business located in the State of Georgia.

2. Defendant Erie Insurance Exchange ("Erie") is a reciprocal insurance exchange domiciled in the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.

### II.     Jurisdiction and Venue

3. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has subject matter jurisdiction based on diversity of citizenship. Pursuant to 28 U.S.C. § 1332(c)(1), AHP is a citizen of the State of Georgia. Pursuant to 28 U.S.C. § 1332(c)(1)(A)-(C), for purposes of this action, Erie is a citizen of the State of Pennsylvania and the State of Tennessee. The amount in controversy exceeds $75,000.00, excluding court costs and interest.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to the claim occurred in said district.

5. This Court has personal jurisdiction over Erie because it has continuous and systematic contacts with the State of Tennessee and because this action arises from an insurance policy issued to a construction company doing business in the State of Tennessee.

### III. The Facts

#### The Construction Project

6. AHP is engaged in the business of general contracting throughout the Southeastern United States. AHP's business model involves the construction of pre-sold, single-family, detached homes.

7. In October 2020, AHP entered into a contract to construct a single-family home for Justin and Courtney Rocheleau ("Rocheleaus") at 12429 Jones Gap Road, Soddy-Daisy, Hamilton County, Tennessee ("Residence").

8. Under AHP's business model, it contracts with various independent trade contractors ("ITCs") on an annual basis to furnish labor, materials, and equipment for its jobs. One of the ITCs that AHP uses in East Tennessee to furnish labor, materials, and equipment for the framing of residences is Loma Construction, LLC ("Loma").[1]

9. AHP entered into an Independent Trade Contractor Base Agreement ("Subcontract") with Loma, setting forth the terms applicable to any framing work that Loma performed for AHP. A copy of the Subcontract is attached as **Exhibit 1**.

10. Under Section 22 of the Subcontract, Loma agreed to obtain general liability insurance with a combined single limit of not less than $1,000,000.00. This section of the Subcontract also required that AHP be named as an "additional insured" on Loma's general

---

[1] Loma is a Tennessee limited liability company, with its principal place of business located in the State of Tennessee. On information and belief, Loma's member is a citizen of the State of Tennessee.

liability insurance policy, on a primary and noncontributory basis. The relevant portion of Section 22 reads:

> **22. <u>Insurance</u>**
>
> a. All ITC's insurance coverage, except workers compensation, shall be primary and non-contributory as respects to all work for AHP, its directors, officers, and employees.
>
> b. Any insurance or self-insurance maintained by AHP shall be excess of the ITC's insurance.
>
> . . .
>
> g. Prior to and during the time period of any and all work being executed for AHP under this Agreement, ITC shall submit to AHP current and active policy, verified by the Certificate of Insurance with the following insurance coverage:
>
> . . .
>
> ii. Commercial General Liability Insurance, coverage for premise liability and products and completed operation with limits not less than one million dollars ($1,000,000) combined single limit and be notes as primary and noncontributory.
>
>> aa. Policy must include America's Home Place, Inc. as additional insured and must be noted on certificate of insurance or provide endorsement.
>>
>> bb. The certificate holder is named as an additional insured on the above-referenced policies with respect to the liability arising out of the named insured's operations. The General Liability policy shall be Primary and Non-Contributory with any other insurance in force.

11. In May 2020, Loma furnished AHP with an Acord Certificate of Liability Insurance ("COI") confirming the insurance coverage required by Section 22 of the Subcontract through Erie. A copy of the COI is attached as **Exhibit 2**.

12. On information and belief, AHP is either a named additional insured on Loma's policy with Erie, or is an additional insured pursuant to a blanket additional insured endorsement.

13. In late December 2020 and early January 2021, Loma framed the Residence.

14. The Residence was completed in or around June 2021, at which time the Rocheleaus moved into the Residence.

The Dispute

15. After moving into the Residence, the Rocheleaus asserted that there were defects in the construction of the Residence.

16. On May 2, 2023, the Rocheleaus filed suit against AHP in the case styled: *Justin Rocheleau, et al., v. America's Home Place, Inc.*, Hamilton County, Tennessee Circuit Court, No. 23C497 ("Lawsuit"). A copy of the Complaint filed in the Lawsuit ("Complaint") is attached as **Exhibit 3**.

17. In the Complaint, the Rocheleaus seek damages from AHP of over $500,000.00.

18. Relevant to the framing scope of work, the Complaint alleges:

> 13. Soon after moving in, the Rocheleaus began to notice many issues with their new home. These issues included, without limitation, the following:
> . . .
> (f) Multiple areas with Advantech subfloor loosely attached to joists of the house, or not attached at all, with resulting heaves and changes in flooring slopes over time;
>
> (g) Exterior sheathing and subflooring that delaminates or swells;
>
> (h) Nail pops appearing on the surface of resilient flooring and depressions or ridges appearing in the resilient flooring due to subfloor irregularities;
>
> (i) Cupping, open joints or separations in wood and laminate flooring;
>
> (j) Gaps between cabinets, ceiling and walls;
>
> (k) Numerous serious structural framing issues, including:
> . . .
> 2) Structural plans called for double joists under kitchen area of house, but single joists installed;
>
> 3) Four load bearing walls not sitting on joists;

> 4) House has lifted off footers on all four sides, allowing daylight to be seen from crawlspace.
>
> . . .
>
> 17. As time wore on, the Rocheleaus noticed other issues that understandably made them fear that the entire house structure had significant problems. These issues include, without limitation, the following:
>
>> (a) Strange, loud popping and creaking sounds, sometimes extending longer than just a few seconds;
>>
>> (b) Floors that were out of level, which later became level, and then went out of level again, sometimes in different directions;
>>
>> (c) Grout pieces spontaneously popping out of tile joints and onto the floor of the shower;
>>
>> (d) Doors that closed properly sometimes, but then would not close due to shifting frames;
>>
>> (e) Various changes in cracks and gaps in many of the finishes, including floors, walls, ceilings, cabinets, etc.;
>>
>> (f) Cracks in the foundation wall that have become extensive and pervasive.

19. Paragraphs 13 and 17 of the Complaint (quoted above) allege property damage to the Residence, resulting (at least in part) from negligence in the framing of the Residence.

20. By letter dated May 10, 2023, AHP made a demand on Loma's general liability insurance carrier (through the broker) for defense and indemnity in the Lawsuit. A copy of the letter is attached as **Exhibit 4**.

21. Erie did not respond to AHP's May 10, 2023 letter.

22. By letter dated May 22, 2023, AHP made another demand on Loma's general liability insurance carrier (through the broker) for defense and indemnity in the Lawsuit. A copy of the letter is attached as **Exhibit 5**.

23. On May 23, 2023, AHP removed the Lawsuit to the United States District Court for the Eastern District of Tennessee. That same day, AHP filed a Motion to Compel arbitration with the Rocheleaus under the parties' contract.

24. By letter dated June 22, 2023, Erie responded to AHP's May 22, 2023 letter. In the letter, Erie rejected AHP's tender of defense and indemnity, claiming (1) the damages alleged in the Lawsuit were "not caused in whole or in part by [Loma"], and (2) that AHP "is not listed as an additional insured on ERIE's policy." A copy of the letter is attached as **Exhibit 6**.

25. On or around June 30, 2023, the Rocheleaus filed a demand for arbitration against AHP with Construction Dispute Resolution Services, LLC ("CDRS"), making the same claims raised in the Lawsuit, No. A020723 ("Arbitration"). A copy of the demand is attached as **Exhibit 7**.

26. By letter dated July 17, 2023, AHP made a demand on Loma's general liability insurance carrier (through the broker) for defense and indemnity in the Arbitration and Lawsuit. A copy of the letter is attached as **Exhibit 8**.

27. Erie did not respond to AHP's July 17, 2023 letter.

28. By letter dated August 11, 2023, AHP made a demand on Loma's general liability insurance carrier (through the broker) for defense and indemnity in the Arbitration and Lawsuit. A copy of the letter is attached as **Exhibit 9**.

29. By letter dated August 17, 2023, Erie acknowledged receipt of AHP's August 11, 2023 letter and stated that the claim representative (Katie Seckel) would "be in touch with you to discuss your client's claim within 30 days." A copy of the letter is attached as **Exhibit 10**.

30. Between August 18, 2023 and September 25, 2023, counsel for AHP e-mailed Ms. Seckel ten times in an effort to bring the claim to a resolution.

31. By letter dated September 25, 2023, AHP made a final demand upon Erie to assume its defense and indemnity in the Arbitration and Lawsuit. A copy of the letter is attached as **Exhibit 11**.

32. On September 26, 2023, Ms. Seckel stated in an e-mail to AHP's counsel that Erie was still "reviewing this claim". The e-mail provided no timeframe or other information as to when the claim – submitted four and a half months earlier – would be resolved. A copy of the e-mail is attached as **Exhibit 12**.

33. To date, Erie has:

   a. Refused to provide AHP with a copy of the policy issued to its named insured, Loma;

   b. Refused to assume AHP's defense in the Lawsuit;

   c. Refused to assume AHP's defense in the Arbitration; and

   d. Refused to reimburse AHP for the defense costs that AHP has incurred in the Lawsuit and Arbitration.

### IV. Cause of Action

34. Pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. § 2201, AHP sues for a declaratory judgment.

35. Specifically, AHP sues for a declaratory judgment holding that Erie has a duty to defend it in relation to the Rocheleaus' claims, including in the Lawsuit and Arbitration.

36. AHP submits that Erie has a duty to defend it as an additional insured under Loma's general liability policy; Erie contends that it has no such duty.

37. The controversy between the parties is presently capable of resolution based on the allegations set forth above.

38. The allegations set forth above demonstrate that the alleged harm is ongoing and likely to continue to occur on an ongoing basis without relief.

39. The requested declaratory judgment will settle the controversy between the parties.

40. The requested declratory judgment will clarify the legal relations of the parties.

41.

42. AHP reserves the right to amend this Complaint to add claims for breach of contract and/or bad faith after discovery has taken place in this action.

## V. Demand

WHEREFORE, based on the foregoing, AHP demands:

A. The entry of a declaratory judgment as set forth in Paragraphs 34-35 of this Complaint;

B. That all court costs be taxed to Erie; and

C. Such other and further relief to which it may be entitled.

Respectfully submitted,

Kay Griffin Evans, PLLC


/s/ Benjamin E. Goldammer
BENJAMIN E. GOLDAMMER (#026328)
CASEY R. MALLOY (#38440)
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
615-742-4800 (o)
615-742-4801 (f)
ben.goldammer@kaygriffin.com
cmalloy@kaygriffin.com

*Attorneys for Plaintiff*